**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


**Richard Higginbotham,
Claimant Below, Petitioner**

**v.)**     **No. 24-415**  (JCN: 2016020557)
                (ICA No. 23-ICA-572)

**Frasure Creek Mining, LLC,
Employer Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Richard Higginbotham appeals the May 23, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Higginbotham v. Frasure Creek Mining, LLC*, No. 23-ICA-572, 2024 WL 2374649 (W. Va. Ct. App. May 23, 2024) (memorandum decision). Respondent Frasure Creek Mining, LLC filed a response.[1] The issue on appeal is whether the ICA erred in affirming the December 12, 2023, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which affirmed the claim administrator's October 2021 order granting an additional award of 0% permanent partial disability for occupational pneumoconiosis. In *Higginbotham*, the ICA affirmed the Board of Review's decision, which found that the Occupational Pneumoconiosis Board ("OP Board") was not clearly wrong in attributing any pulmonary impairment above 15% to non-occupational factors such as chronic obstructive pulmonary disease ("COPD") related to the claimant's cigar smoking.[2] *Id.* at *2.

The claimant argues that the OP Board erred in attributing all of the 10% increase in his pulmonary impairment to non-occupational factors, especially when his reduced carboxyhemoglobin level indicated a decrease in non-occupational factors from his prior occupational pneumoconiosis claim in 2016.[3] The employer counters by arguing that the OP Board

---

[1] The claimant is represented by counsel Reginald D. Henry and Lori J. Withrow, and the employer is represented by counsel Sean Harter.

[2] The claimant's prior occupational pneumoconiosis awards total 15% permanent partial disability.

[3] A high carboxyhemoglobin level indicates that a claimant smokes. In this case, the claimant had a decades-long history of smoking cigars and continued to smoke cigars at the time of his 2021 evaluation by the OP Board. The OP Board testified that 3.6 (from the claimant's 2021

1

was not clearly wrong in attributing 10% of the total pulmonary impairment found in 2021 to cigar smoking and COPD.[4]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: March 19, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

evaluation) and 3.9 (from his 2016 evaluation) each constituted an elevated carboxyhemoglobin level.

[4] West Virginia Code § 23-4-6a provides that "the decision of the [OP] Board made following [the] hearing [shall be affirmed] unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record."